STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Petitioner,

v.

C. R. BOARD, Judge of the District Court of Texas County, Oklahoma, Respondent.

No. 42252.

Supreme Court of Oklahoma.

Dec. 13, 1966.

John Paul Walters, Chief Counsel, by R. C. Mackey, Atty., Oklahoma City, for petitioner.

C. R. Board, pro se.

BLACKBIRD, Justice.

This original action involves an attempt by the Relator, Department of Highways of the State of Oklahoma, hereinafter referred to merely as the "Department" or "Petitioner" to exercise the right it claims under Senate Bill No. 187 enacted by the Twenty-Fourth Legislature (Chap. 1f, S.L.1953, p. 353; Tit. 69 O.S.1961, §§ 46.1 and 46.2) to enter upon (through its authorized agents and employees) certain sections of land and premises owned and possessed, or resided upon, by one Printis S. Beasley, also known as "Prentis S.", and "P. S." Beasley, in Texas County, for the purpose of making surveys, soundings, etc., in furtherance of its work in relocating and constructing highways in the Optima Lake area.

According to the substance of undisputed allegations in an application filed in Cause No. 11850 of the District Court of said County, on October 20, 1966, the Department had, in accord with the provisions of sec. 1 of said Act (sec. 46.1), supra, served notice on Beasley, on September 19, 1966, that, at the expiration of 10 days from said date, its authorized agents and employees

would enter said land for those purposes; but Beasley thereafter denied them the desired entry. In said application, the Department prayed for an order of said court directing the Sheriff of said County to afford its said agents and employees such entry.

According to the verified petition for peremptory writ of mandamus, accompanying petitioner's application to assume jurisdiction, since filed in this Court, Beasley demanded to be paid $100.00 for such an entry upon his property; and, when said Department's application for said order to the sheriff was presented to the Respondent Judge, he refused to grant it.

By way of responding to petitioner's application and petition, the Respondent Judge has filed herein what he briefly refers to as a reply and " * * * STATE-MENT OF POSITION", in which he, in effect, concedes the right of the Department, under section 1 (46.1, supra) to enter upon Mr. Beasley's land for the purposes prescribed in said statute, but indicates concern about the procedure the Department is seeking to use to gain such entry. Respondent cites no authority, however, indicating that an action such as Cause No. 11,850, supra, is an illegal, or improper, means of enforcing the Department's rights under section 1 (46.1, supra). It is likely that in choosing to attempt to obtain an order from the District Court directed to the Sheriff (which is apparently the sole purpose for which said Cause No. 11,850, was instituted) as its manner of proceeding, the Department was influenced by the fact that such an order is the way prescribed for it to be placed in possession of condemned premises, after paying damages assessed by Commissioners, where the land owner refuses to voluntarily deliver such possession to it. See Tit. 69 O.S.1965 Supp., sec. 46,

parag. "(4)", and consider sec. 46.2, supra, in connection therewith. Said petitioner emphasizes, however, that the latter section requires no payment for entry, unless it results in actual damages. Without a clear showing that the sheriff is placed more certainly beyond the protection of legal authority by executing such a possession order in one instance, than in the other, we are inclined to regard this as insufficient ground for denying petitioner the writ it seeks as a means of enabling it to exercise a prerogative clearly prescribed by statute.

In State ex rel. Williamson v. State Election Board, 192 Okl. 275, 135 P.2d 982, 984, this court said:

"As a matter of fact this court will assume original jurisdiction in any action in mandamus where the petition shows a clear right to relief, if the writ is to be directed to an inferior court, commission or board as contemplated by the Constitution, supra.

*   *   *   *   *   *

In every case we either do or do not have jurisdiction, and the petition determines that question. Where the petition * * * shows a clear right to relief our jurisdiction attaches as a matter of course, and a hearing on the merits is in order."

In view of the petitioner's showing of a clearly prescribed statutory prerogative to enter upon the Beasley land, undisputed by respondent, the writ of mandamus prayed for herein is hereby granted and the District Court Within And For Texas County, Oklahoma, and the Respondent, the Honorable C. R. Board, Judge of said Court, is hereby ordered and directed to sign and enter an order to the Sheriff of that County identical (except as to date) to the one previously presented to him, as aforesaid, by the petitioner herein.